# BRAUN**HAGEY** & BORDEN LLP

San Francisco & New York

**J. Noah Hagey, Esq.**
hagey@braunhagey.com

July 31, 2018

<u>VIA ECF</u>

Hon. Debra Freeman
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

> Re:    ***Daily Harvest, Inc. v. Imperial Frozen Foods Op Co LLC, et al.***, **No. 18-cv-05838-ALC (S.D.N.Y.)**

Your Honor:

On behalf of Plaintiff Daily Harvest, Inc., we briefly write to address three issues pertinent to the Court's questions and colloquy with counsel during this morning's expedited discovery conference. These issues are also likely to be relevant to this afternoon's conference.

***First***, Pursuant to the parties' July 2017 Non-Disclosure Agreement (the "NDA", ECF 21-1), Daily Harvest has "the right to audit to verify compliance with this Agreement."  NDA § 3.6. This is precisely what has occurred, beginning over six weeks ago when Daily Harvest served its cease and desist letter, together with a "Demand for Certified Audit Responses to Defendant Imperial Frozen Foods Op Co., LLC."  *See* ECF 21-3, Appx. A (appending letter and Demand for Audit Certification).

***Second***, while Defendants claim a burden in responding to expedited discovery, they have already lodged hundreds of pages of declarations and exhibits with the Court.  Further, just yesterday, we received the appended demands for production from Defendants, along with proposed third party subpoenas, appended hereto as **Exhibit 1**.

***Third***, contrary to Defendants' assertions, Daily Harvest maintains its intention to seek a preliminary injunction for violation and fraudulent conduct arising under the parties' July 2017 Non-Disclosure Agreement.  The discovery relevant to such motion forms part of the requests set forth in connection with Daily Harvest's instant demand for expedited discovery – and consists of time sensitive and urgent information uniquely and solely within Defendants' possession.

We look forward to addressing these and other issues arising in connection with the Court's consideration of expedited discovery in this matter.

**San Francisco**
220 Sansome Street, 2nd Floor
San Francisco, CA 94104
Tel. & Fax:  (415) 599-0210

**New York**
7 Times Square, 27th Floor
New York, NY 10036-6524
Tel. & Fax: (646) 829-9403

July 31, 2018
Page 2

Respectfully Submitted,

J. Noah Hagey

Encl.

CC:  Counsel for Defendants

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| Daily Harvest, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:  1:18-cv-05838 |
| | ) | |
| Imperial Frozen Foods Op Co LLC, Happy | ) | |
| and Healthy Holdco LLC, Today's Harvest | ) | **DEFENDANTS' FIRST DISCOVERY** |
| Holdco LLC, and DOES 1–10. | ) | **REQUEST TO PLAINTIFF** |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Defendants Imperial Frozen Foods Op Co LLC ("Imperial"), Happy and Healthy Holdco LLC ("Happy and Healthy"), and Today's Harvest Holdco LLC ("Today's Harvest," together with Imperial and Happy and Healthy, "Defendants"), subject to their jurisdictional objections, herewith serve upon Plaintiff Daily Harvest, Inc. ("Plaintiff") the following written Interrogatories pursuant to Rule 33 of the Federal Rules of Civil Procedure.  Plaintiff is required to answer these interrogatories separately and fully in writing under oath and to serve a copy of Your answers on the undersigned attorney for the Defendants within 30 days after service of this discovery request as required by the Court.  The interrogatories set forth hereinafter shall be continuing in nature until the date of trial and You are required to serve supplemental answers as additional information may become available to You.

Further, Defendants herewith serve upon Plaintiff the following Request for Production of Documents in Your possession, custody, or control pursuant to Rule 34 of the Federal Rules of Civil Procedure.  Plaintiff is required to produce a copy of the documents set forth hereinafter within 30 days after service of this discovery request and permit the Defendants or someone acting on their behalf to inspect the documents as required by the Court.

## DEFINITIONS

A.      Pursuant to Local Civil Rule 26.3, the Uniform Definitions in Discovery Requests are herein incorporated by reference.

B.      The term "Plaintiff," "Daily Harvest," "You," "you," "your," or "Your" refer to the above-styled Plaintiff Daily Harvest, Inc. in this matter, and its present and former officers, directors, employees, partners, corporate parent, subsidiaries, and affiliates.

C.      "Defendants" shall mean to include, collectively and individually, Defendant Imperial Frozen Foods Op Co LLC, Defendant Happy and Healthy Holdco LLC, and Defendant Today's Harvest Holdco LLC.

D.      "NDA" shall refer to the Mutual Non-Disclosure Agreement dated July 20, 2017 and allegedly executed by Daily Harvest and Imperial (Dkt. 1-3 at 11–13).

E.      "Confidential Information" shall have the meaning set forth in Section 1.1 of the Mutual Non-Disclosure Agreement (the "NDA") dated July 20, 2017 and allegedly executed by Daily Harvest and Imperial (Dkt. 1-3 at 11–13).

F.      The term "This Dispute" or "The Dispute" means the above-captioned lawsuit, Daily Harvest, Inc. v. Imperial Frozen Foods Op Co LLC, Happy and Healthy Holdco LLC, Today's Harvest Holdco LLC, and DOES 1–10, United States District Court for the Southern District of New York, case number 1:18-cv-05838.

G.      The term "Daily Harvest Products" or "Your Products" shall mean any actual or contemplated product that is sold or intended to be sold under the trade name "Daily Harvest."

H.      "Happy Healthy Products" shall mean any actual or contemplated product that is sold or intended to be sold under the trade name "Happy Healthy," including, without limitation,

any product intended to be sold under the mark that is the subject of United States Patent and Trademark Office Application Serial No. 87/919,683.

## **INTERROGATORIES**

### **I.      INSTRUCTIONS**

1.      Please set forth the answer to each interrogatory separately and fully.  As to any interrogatory that You refuse to answer in whole or in part for any reason, please state each ground for Your refusal to answer.  In those cases in which You believe that a complete answer to a particular interrogatory or a part thereof is not possible, please answer such interrogatory to the extent possible and furnish a statement explaining the reason for Your inability to answer further.

2.      If You object or refuse to answer, in whole or in part, any interrogatory propounded below on the ground that You contend it requests information that falls or may fall within the attorney-client privilege or is protected by the work product qualified immunity or other immunity or privilege, please provide the information required by Local Civil Rule 26.2.

Please answer the following:

1.      Identify all persons, including Your investors and employees, with knowledge of The Dispute with Defendants and summarize their roles and knowledge of The Dispute.

**RESPONSE:**

3

2.      Identify all evidence in Your possession the date that You filed Your Complaint supporting Your allegation that the NDA was breached.

**RESPONSE:**

3.      Identify all instances of confusion, including mistake or deception, concerning any Daily Harvest Product or Daily Harvest's trade dress or trademarks.  For each instance, identify when the instance occurred, all persons with knowledge of such instance, the source of their knowledge, the circumstances reflecting the confusion, the identity of any Happy Healthy Product allegedly giving rise to the confusion, all confused persons, and all documents or other evidence supporting or refuting Your response to this interrogatory.

**RESPONSE:**

4.      Identify all studies, including formal or informal analyses, investigations, surveys, focus groups, consumer research, or other information or reports that concern, support, or refute Plaintiff's claims in This Dispute, including, for each such study, when it was commissioned, conducted, and completed, by whom it was conducted, and its conclusions.

**RESPONSE:**

5.      Identify all Daily Harvest Products in the retail market at the time of the filing of Your Complaint and as of the time You respond to this discovery.

**RESPONSE:**

## REQUEST FOR PRODUCTION OF DOCUMENTS

### I.      INSTRUCTIONS

A.      These Requests are continuing in nature and require prompt supplemental production if Plaintiff creates additional documents, or if additional documents come into Plaintiff's possession, custody, or control between the time of initial production and the final trial of This Dispute.

B.      These Requests are intended to cover all information in Plaintiff's possession, custody or control, including but not limited to all information within the possession, custody, or control of any person or entity acting on Plaintiff's behalf as well as any information in the possession of third parties obligated to produce documents at Plaintiff's request.

C.      The documents are to be produced as they are kept or organized and labeled to correspond with the categories in the individual Request.  When documents requested are

maintained in a labeled file, the Request shall be deemed to include the file cover or label and any other identifying marks on the file.

D.      The terms in these Requests are to be given their most expansive and inclusive interpretation unless otherwise specifically limited.

Please produce the following:

1.      All documents and communications that You contend show a breach of the NDA as of the date of the filing of Your Complaint.

**RESPONSE:**

2.      Produce all documents and communications concerning the Defendants between You and Your investors.

**RESPONSE:**

3.      All documents and communications concerning the date You plan to enter the retail market.

**RESPONSE:**

4.      All documents and communications concerning the advertisement Imperial placed indicating the pending launch of Happy Healthy Products and attached to Your June 20, 2018 Cease and Desist Letter.

**RESPONSE:**

5.      All documents concerning the NDA and the Happy Healthy trade dress, including without limitation communications with Your investors.

**RESPONSE:**

6.      All documents and communications concerning the Defendants between You and Your investors concerning the NDA.

**RESPONSE:**

7.      All documents and communications between and among Your employees and between and among You and Your investors concerning competition with or the competitive threat posed by Defendants and the Happy Healthy Products.

**RESPONSE:**

8.      All documents and communications between Rachel Drori and Ricky Silver concerning Defendants.

**RESPONSE:**

9.      Documents sufficient to show the first date of sale of any Daily Harvest Product.

**RESPONSE:**

10.     Documents sufficient to show how many log-ins to Your website (https://www.daily-harvest.com/) have occurred by month since Your website went live.

**RESPONSE:**

11.     Documents sufficient to show the length of time of each visit to Your website (https://www.daily-harvest.com/) since your website went live.

**RESPONSE:**

12.     All customer complaints received by You concerning Your Products and documents concerning such consumer complaints.

**RESPONSE:**

13.     All consumer surveys, marketing analyses, or similar documents concerning the awareness and views of consumers regarding Daily Harvest and Daily Harvest Products, and any summaries or reports of such matters.

**RESPONSE:**

14.     Documents sufficient to show Your sales by product on a monthly basis since inception.

**RESPONSE:**

15.     Documents sufficient to show and examples of all forms of packaging You have used since launch of Your Products and the length of time each form of packaging was used.

**RESPONSE:**

16.     All documents and communications concerning studies, including formal or informal analyses, investigations, surveys, focus groups, consumer research, or other information or reports that concern, support, or refute Plaintiff's trade dress and infringement claims in This Dispute.

**RESPONSE:**

17.     All documents and communications supporting Your contentions concerning the distinctiveness, secondary meaning, and/or strength of Daily Harvest's trade dress and trademarks.

**RESPONSE:**

18.     All documents identified in response to the preceding interrogatories.

**RESPONSE:**

This the 30th day of July, 2018.

SMITH, ANDERSON, BLOUNT, DORSETT, MITCHELL & JERNIGAN, L.L.P.

/s/ David S. Pegno                          By:     /s/Christopher G. Smith
David S. Pegno                              Christopher G. Smith
N.Y. Bar No. DP-7428                          N.C. State Bar No. 22767
777 Third Avenue, 37th Floor                  N.Y. Bar No. 2524478
New York, NY 10017                            Admitted Pro Hac Vice
Telephone:    (212) 943-9000                Brandon E. Heffinger
dpegno@dpklaw.com                             Of Counsel
                                            Post Office Box 2611
                                            2500 Wachovia Capitol Center
                                            Raleigh, North Carolina 27602-2611
                                            Telephone:    (919) 821-1220
                                            Facsimile:     (919) 821-6800
                                            E-Mail: csmith@smithlaw.com
                                                    bheffinger@smithlaw.com

                                            *Attorneys for Imperial Frozen Foods Op Co*
                                            *LLC, Happy and Healthy Holdco LLC, and*
                                            *Today's Harvest Holdco LLC*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certified that a true and correct copy of Defendants' First Discovery Request to Plaintiff was served via Electronic Mail on this 30th day of July, 2018, upon all counsel of record in these matters as indicated by the Court's CM/ECF docket.

<div style="margin-left: 40%;">

SMITH, ANDERSON, BLOUNT, DORSETT,
MITCHELL & JERNIGAN, L.L.P.

By:     /s/Christopher G. Smith
        Christopher G. Smith
           N.C. State Bar No. 22767
           N.Y. State Bar No. 2524478
           Admitted Pro Hac Vice
        Post Office Box 2611
        2500 Wachovia Capitol Center
        Raleigh, North Carolina 27602-2611
        Telephone:     (919) 821-1220
        Facsimile:     (919) 821-6800
        E-Mail:  csmith@smithlaw.com
                 bmeacham@smithlaw.com
                 bheffinger@smithlaw.com

*Attorneys for Imperial Frozen Foods Op Co
LLC and Happy and Healthy Holdco LLC*

</div>

All documents concerning the potential competition posed by the Happy Healthy products to Plaintiff's business.

All documents concerning the potential or actual competitive threat posed by the Happy Healthy products to Plaintiff's business.

All documents concerning the potential impact on Plaintiff's business by the Happy Healthy products.

All documents concerning the potential impact on your investment in Plaintiff by the Happy Healthy products.

All documents concerning or mentioning Happy Healthy, Imperial Frozen Foods, or any of its officers, directors, employees  or investors.

All documents concerning or mentioning the approach, response or strategy the Plaintiff might consider taking with respect to the Happy Healthy potential or actual launch of any of its products, including but not limited to any considerations affecting timing, cost of entry, delay, customers or the like.

All documents concerning or mentioning a potential acquisition of or investment in or partnership with Happy Healthy or Imperial Frozen Foods.